UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED COMMUNITY BANK, AS SUCCESSOR TO COMMUNITY BANK<br><br>Plaintiff,<br><br>VERSUS<br><br>M/V LILY JANE, OFFICIAL NO. 1069398, AND M/V LA LOUISIANA, OFFICIAL NO. 645687, ALONG WITH THEIR ENGINES, TACKLE, APPAREL, BOILERS, FURNITURE, EQUIPMENT, APPURTENANCES, ETC., *IN REM*<br><br>Defendant. | CIVIL ACTION<br><br>NO.<br><br>SECTION<br>JUDGE<br><br>DIVISION<br>MAGISTRATE |

## **VERIFIED COMPLAINT *IN REM*** <br> **TO ENFORCE PREFERRED SHIP MORTGAGES**

**MAY IT PLEASE THE COURT:**

Plaintiff, United Community Bank, as Successor to Community Bank, for its Verified Complaint respectfully represents as follows:

### **THE PARTIES**

1. Plaintiff, United Community Bank, as Successor to Community Bank ("UCB"), is a bank organized under the laws of the State of Louisiana and doing business in the State of Louisiana.

1. The documented United States vessels, the M/V LILY JANE, Official Number 1069398 (the "LILY JANE"), and the M/V LA LOUISIANA, Official Number 645687 (the "LA LOUISIANA") (collectively, the "Vessels"), are owned by Louisiana Tugs, LLC, a Louisiana

limited liability company ("Louisiana Tugs").  The Vessels are currently located within the Eastern District of Louisiana and the jurisdiction of this Court.

2. This is an action against the Vessels, their engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, to recognize the Preferred Ship Mortgages and maritime liens over the Vessels in favor of UCB.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1333 in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims.

4. Venue is proper in this district because the Vessels are located within this district, as required by 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

5. Louisiana Tugs executed a Promissory Note dated June 15, 2018, in the original principal amount of $8,003,007.25, in favor of UCB (the "Note").

6. Louisiana Tugs and its principals are indebted to UCB under the Note, as amended, along with an accompanying loan agreement, commercial guarantees and pledge agreement.

7. To secure all obligations, debts and liabilities of Louisiana Tugs to UCB, including but not limited to the payment of all sums due under the Note, as amended, Louisiana Tugs, as mortgagor, duly executed and delivered to UCB, as mortgagee, a Preferred Ship Mortgage, dated as May 31, 2013, on the LILY JANE, her engines, tackle, apparel, etc., up to a

maximum principal amount of $50,000,000, all as more fully described therein.  A copy of the preferred ship mortgage recorded on the LILY JANE (the "LILY JANE Ship Mortgage") is attached hereto as Exhibit "A" and incorporated herein by this reference.

8. The LILY JANE Ship Mortgage was received for recordation by the U.S. Coast Guard at its National Vessel Document Center, on or about May 31, 2013, and recorded in Batch Number 11865400, Doc ID 4.  Recordation of the LILY JANE Ship Mortgage is evidenced in the abstract of title issued as of March 18, 2019, attached hereto as Exhibit "B."

9. Upon information and belief, at the time the LILY JANE Ship Mortgage was executed, the LILY JANE was, and still remains, duly documented and enrolled under the laws of the United States, having its hailing port in New Orleans, Louisiana.

10. All of the acts and things required to be done by 46 U.S.C. § 31322, in order to give the LILY JANE Ship Mortgage the status of a first preferred ship mortgage, were done or caused to be done, by UCB or by the U.S. Coast Guard.

11. To secure all obligations, debts and liabilities of Louisiana Tugs to UCB, including but not limited to the payment of all sums due under the Note, as amended, Louisiana Tugs, as mortgagor, also duly executed and delivered to UCB, as mortgagee, a Preferred Ship Mortgage, dated as May 31, 2013, on the LA LOUISIANA, her engines, tackle, apparel, etc., up to a maximum principal amount of $50,000,000, all as more fully described therein.  A copy of the preferred ship mortgage recorded on the LA LOUISIANA (the "LA LOUISIANA Ship Mortgage") is attached hereto as Exhibit "C" and incorporated herein by this reference.

12. The LA LOUISIANA Ship Mortgage was received for recordation by the U.S. Coast Guard at its National Vessel Document Center, on or about May 31, 2013, and recorded in

Batch Number 11865600, Doc ID 7. Recordation of the LA LOUISIANA Ship Mortgage is evidenced in the abstract of title issued as of March 18, 2019, attached hereto as Exhibit "D."

13. Upon information and belief, at the time the LA LOUISIANA Ship Mortgage was executed, the LA LOUISIANA was, and still remains, duly documented and enrolled under the laws of the United States, having its hailing port in New Orleans, Louisiana.

14. All of the acts and things required to be done by 46 U.S.C. § 31322, in order to give the LA LOUISIANA Ship Mortgage the status of a first preferred ship mortgage, were done or caused to be done, by UCB or by the U.S. Coast Guard.

15. The LILY JANE Ship Mortgage and LA LOUISIANA Ship Mortgage shall be collectively referred to herein as the "Ship Mortgages"

16. Under the Note, as amended, the failure to make any payment when due under the Note is an event of default.

17. The Note, as amended, is in default because, among other things, Louisiana Tugs failed to make timely payment thereunder.

18. The Note, as amended, provides that in the event Louisiana Tugs fails to pay any principal or interest when due under the Note, then all sums due thereunder, including without limitation the unpaid amount, shall at once become due and payable at the option of UCB. Because Louisiana Tugs failed to make a payment of principal and/or interest due under the Note, as amended, all sums due thereunder have been and are immediately due and payable.

19. In the event of a default, the Note, as amended, further provides for the recovery of the unpaid principal balance then outstanding under the Note, plus accrued interest, together

with reasonable attorneys' fees, costs, expenses and other fees and charges as provided in the Note, as amended.

20.  As of March 21, 2019, the following amounts are due and owing on the Note, as amended: principal in the amount of $8,003,007.25; late fees; accrued interest pursuant to the Note; and reasonable attorneys' fees, costs, expenses and other fees and charges as provided in the Note. The amounts due and owing continue to accrue daily.

21.  Despite amicable demand, the Note, as amended, and aforementioned amounts due thereunder have not been paid in full.

22.  Default under the Note, as amended, as specified above, is an event of default under the Ship Mortgages entitling UCB to exercise its rights thereunder.

23.  The Vessels are currently located in the jurisdiction of this Court at Bollinger Larose LLC, 1515 LA-24, Larose, La. 70373.

## COUNT I

24.  UCB realleges each of the allegations of paragraphs 1 through 23 above, as if set forth in full herein.

25.  UCB is the holder and owner of the Note and the Ship Mortgages, and has the right to enforce and collect the obligations evidenced by the Note and to enforce the Ship Mortgages.

26.  Because Louisiana Tugs has defaulted under the Note, constituting an event of default under the Ship Mortgages as specified above, UCB is entitled to have the liens and encumbrances of the Ship Mortgages recognized and enforced as valid Preferred Ship Mortgages

against the Vessels and for such other legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

## COUNT II

27. UCB realleges each of the allegations of paragraphs 1 through 23 above, as if set forth in full herein.

28. Pursuant to the United States Code and the local rules of this Court, notice of these proceedings must be given to the owner or master of the Vessels and all persons who have recorded lien(s) with the U.S. Coast Guard, and UCB requests that the Court order such notification to be made to such persons by certified mail, delivered to their last known address on file with the United States Coast Guard.

29. An Affidavit by UCB's authorized representative verifying the facts of this Complaint is attached as Exhibit "E."

30. Pursuant to local rule, UCB agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies from any and all liability as a result of seizing the Vessels.

**WHEREFORE**, plaintiff, United Community Bank, as Successor to Community Bank, prays:

1. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the M/V LILY JANE, bearing Official No. 1069398, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the LILY JANE Ship Mortgage in favor of United Community Bank, as Successor to Community Bank, be

declared to be a valid and subsisting lien upon the said M/V LILY JANE, engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that the said M/V LILY JANE be seized and sold to satisfy amounts owed to United Community Bank, as Successor to Community Bank, as set forth herein;

2. For judgment *in rem* against the M/V LILY JANE, as provided by 46 U.S.C. §31326, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

3. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the M/V LA LOUISIANA, Official Number 645687, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the LA LOUISIANA Ship Mortgage in favor of United Community Bank, as Successor to Community Bank, be declared to be a valid and subsisting lien upon the said M/V LA LOUISIANA, engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that the said M/V LA LOUISIANA be seized and sold to satisfy amounts owed to United Community Bank, as Successor to Community Bank, as set forth herein;

4. For judgment *in rem* against the M/V LA LOUISIANA, as provided by 46 U.S.C. §31326, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

5. That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be deposited with the Court to satisfy amounts owed to United Community Bank, as Successor to Community Bank, under the Note, as amended;

6. That notice of these proceedings be given to the owner or master of the M/V LILY JANE and the M/V LA LOUISIANA and all persons who have recorded lien(s) with the U.S. Coast Guard by certified mail, delivered to their last known address on file with the U.S. Coast Guard; and

7. That this Court grant United Community Bank, as Successor to Community Bank, such other and further relief which it may deem just and proper.

Date: April 9, 2019.

Respectfully submitted:

*/s/ William C. Baldwin*
WILLIAM C. BALDWIN, T.A. (#31613)
JEANNE L. AMY (#37012)
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8315
Facsimile: (504) 589-8315
wbaldwin@joneswalker.com
jamy@joneswalker.com
***Attorneys for United Community Bank, as Successor to Community Bank***